IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEIDELBERG USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| SCREENTONE SYSTEMS CORPORATION, | ) | |
| ACACIA PATENT ACQUISITION | ) | |
| CORPORATION, ACACIA RESEARCH | ) | |
| CORPORATION, and PAUL S. SNYPP, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## NATURE OF THE ACTION

1. This is an action against Screentone Systems Corporation ("Screentone"), Acacia Patent Acquisition Corporation ("Acacia Patent"), Acacia Research Corporation ("Acacia Research") and Paul S. Snypp ("Snypp") (collectively "Defendants") seeking (a) a declaratory judgment that United States Patent No. 5,166,809 ("the '809 patent") (attached hereto as Exhibit A) is not infringed, and is invalid in whole or in part; and (b) a declaratory judgment that Defendants do not hold any valid title to or interest in the '809 patent and, therefore, do not have any standing or right to sue for infringement of the '809 patent.

## THE PARTIES

### A. The Plaintiff

2. Plaintiff Heidelberg U.S.A., Inc. ("Heidelberg") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Kennesaw, GA.

- 1 -

**B. The Defendants**

3.      Upon information and belief, Defendant Screentone is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Newport Beach, CA. In a lawsuit filed in the Eastern District of Texas, Marshall Division, styled *Screentone Systems Corporation v. Canon U.S.A., Inc.* et al., C.A. No. 2:07cv340DF ("the Texas Action"), Defendant Screentone sued Heidelberg U.S.A., Inc., for allegedly infringing the '809 patent by making, using, offering to sell, or selling products and/or systems that infringe one or more claims of the '809 patent, and/or by inducing and/or contributing to the infringement of one or more of the claims of the '809 patent by others. A true copy of the complaint in the Texas Action is attached hereto as Exhibit B.

4.      Upon information and belief, Defendant Acacia Patent is a Delaware corporation having a place of business in Newport Beach, CA.

5.      Upon information and belief, Defendant Acacia Research is a Delaware corporation having its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, CA.

6.      Upon information and belief, Defendants Screentone and Acacia Patent are wholly owned subsidiaries of Defendant Acacia Research. Upon information and belief, Defendant Acacia Research controls the activities and strategies of both Screentone and Defendant Acacia Patent.

7.      Upon information and belief, Defendant Snypp is an individual residing in Federal Way, Washington.

- 2 -

## JURISDICTION AND VENUE

8.      This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the United States patent laws, and the laws of Delaware.

9.      Defendant Screentone has filed the Texas Action charging Plaintiff Heidelberg with infringement of the '809 patent.

10.     At about the date of Defendant Screentone's filing of the Texas Action, Plaintiff Heidelberg received a letter from Acacia Technologies Group, asserting infringement of the '809 patent.  Upon information and belief, Acacia Technologies Group is an operating division of Defendant Acacia Research.

11.     At the time said letter asserting infringement was sent by Acacia Technologies Group, Defendant Screentone purported to be the assignee of the '809 patent.

12.     Prior to the period during which Defendant Screentone purported to be the assignee of the '809 patent, Defendant Acacia Patent purported to be the assignee.

13.     Prior to the period during which Defendant Acacia Patent purported to be the assignee of the '809 patent, Defendant Snypp purported to be the assignee.

14.     Defendants Acacia Patent and Snypp purport to retain rights to sue for damages for infringing activities occurring during the respective periods they were the purported assignee of the '809 patent.

15.     An actual, substantial and continuing justiciable controversy exists between Plaintiff Heidelberg and Defendants that requires a declaration of rights by this Court.

16.     The Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over Plaintiff Heidelberg's state law claims under 28 U.S.C. § 1367.

17.     The Court has personal jurisdiction over Defendant Snypp by virtue of, among other things, Defendant Snypp entering into an agreement with Acacia Patent knowing that Acacia Patent is a corporation organized and existing under the laws of Delaware.

18.     The Court has personal jurisdiction over Defendant Acacia Patent by virtue of Acacia Patent's organization and existence under the laws of Delaware.

19.     The Court has personal jurisdiction over Defendant Acacia Research by virtue of its organization and existence under the laws of Delaware.

20.     The Court has personal jurisdiction over Defendant Screentone by virtue of its organization and existence under the laws of Delaware.

21.     Venue is proper in this jurisdiction by virtue of, among other things, Defendant Snypp entering into an agreement with Acacia Patent knowing that Acacia Patent is a corporation organized and existing under the laws of Delaware.

22.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### FACTS

23.     The '809 patent issued on November 24, 1992.

24.     The cover page of the '809 patent, as well as the U.S.P.T.O. assignment records, indicate that Inventor Craig L. Surbrook assigned the '809 patent to SeeColor Corporation of Federal Way, Washington on or about September 6, 1990.  Inventor Surbrook's assignment to SeeColor Corporation was recorded in the U.S.P.T.O. on or about September 13, 1990.

25.     In the Texas Action, Screentone asserts that it is the owner of the '809 patent with the exclusive right to enforce the '809 patent against infringers and collect damages for all relevant times.

- 4 -

26. Upon information and belief, Defendant Acacia Patent allegedly obtained rights to the '809 patent from Defendant Snypp by virtue of an assignment on or about August 3, 2005. Defendant Snypp's assignment to Acacia was recorded in the U.S.P.T.O. on or about October 25, 2005.

27. Upon information and belief, Defendant Screentone allegedly obtained rights to the '809 patent by virtue of an assignment from Defendant Acacia Patent on or about June 18, 2007. A copy of Acacia Patent's assignment to Screentone was recorded in the U.S.P.T.O. on or about July 16, 2007.

28. Upon information and belief, the U.S.P.T.O.'s assignment records have no record of any assignment of the '809 patent from SeeColor Corporation or any other entity to Defendant Snypp.

29. Upon information and belief, the U.S.P.T.O.'s assignment records have no record of any assignment of the '809 patent from SeeColor Corporation to either Defendant Screentone or Defendant Acacia Patent.

30. Upon information and belief, SeeColor Corporation did not expressly assign any rights, title or interest in and to the '809 patent to Defendant Snypp, Defendant Acacia Patent, or Defendant Screentone, including the right to sue and recover for infringement thereof.

31. The purported assignment from Defendant Snypp to Defendant Acacia Patent, even assuming arguendo that any such valid assignment occurred, did not transfer or convey the right to sue for damages for infringing activity that occurred prior to the August 3, 2005 assignment.

32. The purported assignment from Defendant Acacia Patent to Defendant Screentone, even assuming arguendo that any such valid assignment occurred, did not transfer or convey the

- 5 -

right to sue for damages for infringing activity that occurred prior to the June 18, 2007 assignment.

33.     Upon information and belief, to the extent, if at all, that Defendant Screentone has any rights or interests in and to the '809 patent, Screentone's right to seek damages from Plaintiff Heidelberg for infringement of the '809 patent is limited to infringing activities occurring on or after June 18, 2007.

34.     Upon information and belief, to the extent, if at all, that Defendant Acacia Patent has any rights or interests in and to the '809 patent, Acacia's right to seek damages from Plaintiff Heidelberg for infringement of the '809 patent is limited to infringing activities occurring between August 3, 2005 and June 17, 2007.

35.     Upon information and belief, to the extent, if at all, that Defendant Snypp has any rights or interests in and to the '809 patent, Snypp's right to seek damages from Plaintiff Heidelberg for infringement of the '809 patent is limited to infringing activities occurring on or prior to August 2, 2005.

36.     Upon information and belief, Defendant Snypp was without right, authorization, title, license or permission from SeeColor Corporation to assign the '809 patent to Defendant Acacia Patent.

37.     Upon information and belief, Defendant Snypp's purported assignment to Defendant Acacia Patent is void and unenforceable since Defendant Snypp had no right, title, license or permission to assign the '809 patent.

38.     Upon information and belief, Defendant Acacia Patent was without right, authorization, title, license or permission from SeeColor Corporation to assign the '809 patent to Defendant Screentone.

- 6 -

39.     Upon information and belief, Defendant Acacia Patent's purported assignment to Defendant Screentone is void and unenforceable since Defendant Acacia Patent had no right, title, license or permission to assign the '809 patent.

40.     Upon information and belief, none of Defendants Screentone, Acacia Research, Acacia Patent, or Snypp holds any valid title or legal interest in and to the '809 patent.

41.     Accordingly, none of Defendants Screentone, Acacia Research, Acacia Patent, or Snypp has any standing or right to sue for infringement of the '809 patent.

## COUNT I

**Declaratory Judgment – Noninfringement of the '809 Patent**

42.     Plaintiff Heidelberg incorporates by reference the allegations in paragraphs 1 through 41.

43.     This is an action for declaratory judgment of noninfringment of any valid claims of the '809 patent.

44.     Plaintiff Heidelberg has an objectively reasonable apprehension that Defendant Screentone will continue to pursue its allegations of infringement against Plaintiff Heidelberg. Defendant Screentone has already sued Plaintiff Heidelberg for allegedly infringing the '809 patent by making, using, offering to sell and/or selling printers and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.

45.     Defendant Screentone has alleged, and continues to allege, that it is the current owner of all right, interest and title in and to the '809 patent.

46.     Defendant Screentone has alleged, and continues to allege, that Plaintiff Heidelberg infringes one or more claims of the '809 patent and/or induces and/or contributes to the infringement of one or more of the claims of the '809 patent by others.

-7-

47.     Defendant Screentone alleges that Plaintiff Heidelberg's alleged infringement is willful and deliberate.

48.     Plaintiff Heidelberg denies Defendant Screentone's allegations. Plaintiff Heidelberg has not infringed and currently is not infringing any valid claim of the '809 patent, either literally or under the doctrine of equivalents, nor is Plaintiff Heidelberg actively inducing or contributing to infringement of the '809 patent.

49.     Defendants Snypp and Acacia Patent purport to be prior assignees of the '809 patent and, to the extent they have any rights in the '809 patent, have rights to collect damages for infringing activities occurring prior to August 3, 2005 and infringing activities occurring between August 3, 2005 and June 17, 2007, respectively.

50.     Accordingly, there exists an actual, justiciable controversy between Plaintiff Heidelberg and Defendants concerning whether the claims of the '809 patent are not infringed by Plaintiff Heidelberg.

51.     Plaintiff Heidelberg desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the dispute recited above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '809 patent.

### COUNT 2

### Declaratory Judgment – Invalidity of the '809 Patent

52.     Plaintiff Heidelberg incorporates by reference the allegations in paragraphs 1 through 51.

53.     This is an action for declaratory judgment of the invalidity of any and all claims of the '809 patent.

54.     Plaintiff Heidelberg has an objectively reasonable apprehension that Defendant Screentone will continue to pursue its allegations of infringement against Plaintiff Heidelberg. Defendant Screentone has already sued Plaintiff Heidelberg for allegedly infringing the '809 patent by making, using, offering to sell and/or selling printers and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.

55.     The '809 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

56.     Accordingly, there exists an actual, justiciable controversy between Plaintiff Heidelberg and Defendants concerning whether the claims of the '809 patent are invalid.

57.     Plaintiff Heidelberg desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '809 patent.

## COUNT 3

**Declaratory Judgment — Defendants Do Not Hold Valid Title To Or An Interest In The '809 Patent and, Therefore, Have No Standing Or Right to Sue for Infringement of the '809 Patent**

58.     Plaintiff Heidelberg incorporates by reference the allegations in paragraphs 1 through 57.

59.     This is an action for declaratory judgment that Defendants do not hold any valid title to or interest in the '809 patent and therefore do not have any standing or right to sue for infringement of the '809 patent.

60.     Plaintiff Heidelberg has an objectively reasonable apprehension that Defendant Screentone will continue to pursue its allegations of infringement against Plaintiff Heidelberg. Defendant Screentone has already sued Plaintiff Heidelberg for allegedly infringing the '809 patent by making, using, offering to sell and/or selling printers and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.

61.     Defendant Screentone has alleged, and continues to allege, that it is the current owner of all right, interest in, and title to the '809 patent.

62.     Defendant Screentone has alleged, and continues to allege, that Plaintiff Heidelberg infringes one or more claims of the '809 patent, and/or induces and/or contributes to the infringement of one or more of the claims of the '809 patent by others.

63.     Defendant Screentone alleges that Plaintiff Heidelberg's alleged infringement is willful and deliberate.

64.     The letter from Acacia Technologies Group to Plaintiff Heidelberg dated August 9, 2007 states that: "On August 8, 2007, we filed a Complaint against your company in the U.S. District Court for the Eastern District of Texas, Civil Action No.: 2:07-cv-340-DF, for infringement of U.S. Patent No. 5,166,809 ("the '809 Patent"). Screentone Systems Corporation is part of the Acacia Technologies Group." and ". . . . we can provide you with a proposed license and settlement agreement that will release you and your customers from any past liability under the '809 Patent . . . ".

65.     Plaintiff Heidelberg denies Defendant Screentone's allegations.

66.     Defendant Snypp purported to be the owner of the '809 patent as of August 3, 2005, at which time he purportedly assigned his rights to Acacia Patent.

- 10 -

67.     There is no record in the U.S.P.T.O. assignment records of any assignment of the '809 patent from SeeColor Corp., or any other entity, to Snypp.

68.     Defendant Acacia Patent purported to be the owner of the '809 patent as of June 18, 2007, at which time it purportedly assigned its rights to Screentone.

69.     Defendants Screentone, Acacia Patent, Acacia Research, and Snypp do not hold any valid title to or interest in the '809 patent and therefore do not have any standing or right to sue for infringement of the '809 patent.

70.     Accordingly, there exists an actual, justiciable controversy between Plaintiff Heidelberg and Defendants concerning whether the Defendants hold any valid title to or interest in the '809 patent and whether Defendants have any standing or right to sue for infringement of the '809 patent.

71.     Plaintiff Heidelberg desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '809 patent.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Heidelberg respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff Heidelberg the following relief:

A.     a judgment declaring that Plaintiff Heidelberg has not infringed and does not infringe, in any manner or in any way, any valid claim of the '809 patent;

B.     a judgment declaring that each claim of the '809 patent is invalid;

C.     a judgment declaring that the Defendants do not hold any valid title to or interest in the '809 patent;

D.  a judgment declaring that the Defendants do not have any standing or right to sue for alleged infringement of the '809 patent;

E.  a judgment that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Plaintiff Heidelberg to an award of reasonable attorneys' fees, expenses and costs in this action; and

F.  such other and further equitable or legal relief as the Court or a jury deems proper.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654 1888
(302) 654 2067 (Fax)
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Heidelberg USA, Inc.*

*Of Counsel:*

Morgan & Finnegan, L.L.P
John F. Sweeney
Steven F. Meyer
Tony V. Pezzano
3 World Financial Center
New York, NY 10281-2101
(212) 415 8700
(212) 415 8701 (Fax)

Dated: October 1, 2007

184611.1

- 12 -

Case 8:08-cv-00406-CJC-AN Document 3 Filed 05/23/08 Page 13 of 20 Page ID
Case 1:07-cv-00601-GMS-LPS Document 1-2 Filed 10/01/2007 Page 1 of 43
#:55

# Exhibit A

# United States Patent [19]

## Surbrook

US005166809A

| [11] | Patent Number: | **5,166,809** |
| [45] | Date of Patent: | **Nov. 24, 1992** |

[54] **APPARATUS AND METHODS FOR DIGITAL HALFTONING**

[75] Inventor: **Craig L. Surbrook**, Federal Way, Wash.

[73] Assignee: **SeeColor Corporation**, Federal Way, Wash.

[21] Appl. No.: **521,080**

[22] Filed: **May 8, 1990**

### Related U.S. Application Data

[63] Continuation-in-part of Ser. No. 268,951, Nov. 8, 1988, Pat. No. 4,924,301.

[51] Int. Cl.$^5$ ............................................... H04N 1/40
[52] U.S. Cl. ...................................... 358/456; 358/457; 358/460; 358/465
[58] Field of Search ............... 358/454, 456, 457, 458, 358/459, 75, 460, 465

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,911,480 | 10/1975 | Brucker | 358/455 |
| 4,547,814 | 10/1985 | Hirosawa | 358/456 |
| 4,805,033 | 2/1989 | Nishikawa | 358/459 |
| 4,924,301 | 5/1990 | Surbrook | 358/456 |

*Primary Examiner*—Edward L. Coles, Sr.
*Assistant Examiner*—Jerome Grant, II
*Attorney, Agent, or Firm*—Christensen, O'Connor, Johnson & Kindness

[57] **ABSTRACT**

Disclosed are apparatus and methods for producing halftone screens (color separations) from continuous tone intensity signals that are supplied by an optical scanner (12) and are stored in memory (18-2, 18-3, 18-4 and 18-5) such that the memory addresses correspond to the Cartesian coordinates of the picture elements produced by the optical scanner. A digital signal processor (10) processes the stored continuous tone intensity values on a row-by-row basis with the memory elements in each row being sequentially accessed column-by-column. The memory addresses of the accessed continuous tone intensity signals are processed using an incremental addressing method that transforms the memory address into dither element column and row indices of a dither matrix (FIG. 4) that is used to produce the halftone dots of each halftone screen. The screen angle and the screen ruling of the halftone screens are selectively controlled and established by the incremental addressing method in view of the dither matrix and digital data output device being employed by the system. This allows the system operator to produce sets of halftone screens (e.g., the yellow, cyan and magenta color separations used in conventional four-color halftone printing) in which each each color separation exhibits the conventional screen angle and the screen ruling is established at a value that is appropriate for the color printing process to be employed.

**4 Claims, 13 Drawing Sheets**



CPC View EVALUATION - In use for 367 days
To purchase CPC View, visit http://www.cartesianinc.com/Register/

US005166809 Case 1:08-cv-00406-CJC-AN Document 2 Filed 05/23/08 Page 15 of 20 Page ID Page 2 (of 2 - 2)
Case 1:07-cv-00604-GMS-LPS    Document 1-2    Filed 10/01/2007    Page 3 of 43
#:57



*Fig.1.*

CPC View EVALUATION - In use for 367 days
To purchase CPC View, visit http://www.cartesianinc.com/Register/

US005166809 Case 1:07-cv-00604-GMS-LPS Document 1-2 Filed 05/23/08 Page 16 of 20 Page ID Page 3 (of 3 - 3)
#:58
Case 1:07-cv-00604-GMS-LPS Document 1-2 Filed 10/01/2007 Page 4 of 43



Fig. 2.

**CPC View EVALUATION - In use for 367 days**
**To purchase CPC View, visit http://www.cartesianinc.com/Register/**

Case 1:08-cv-00406-CJB-ANF Document 2DX Filed 05/23/08 Page 17 of 20 Page ID

# U.S. Patent

Nov. 24, 1992     Sheet 3 of 13     **5,166,809**



CPC View EVALUATION - In use for 367 days
To purchase CPC View, visit http://www.cartesianinc.com/Register/

US005166809 Case 1:07-cv-00406-GMS-LPS Document 1-2 Filed 05/23/08 Page 18 of 20 PageID Page 5 (of 5 - 5)

Case 1:07-cv-00604-GMS-LPS Document 1-2 Filed 10/01/2007 Page 6 of 43 PageID #:60



| 62 | 55 | 47 | 40 | 36 | 51 | 59 | 63 |
| 58 | 35 | 28 | 20 | 16 | 24 | 32 | 52 |
| 50 | 27 | 15 | 8 | 4 | 12 | 29 | 48 |
| 43 | 19 | 7 | 0 | 1 | 9 | 21 | 41 |
| 39 | 23 | 11 | 3 | 2 | 5 | 17 | 37 |
| 46 | 31 | 14 | 6 | 10 | 13 | 25 | 44 |
| 54 | 34 | 26 | 18 | 22 | 30 | 33 | 56 |
| 61 | 57 | 49 | 42 | 38 | 45 | 53 | 60 |

*Fig. 4.*

*Fig. 5A.*      *Fig. 5B.*      *Fig. 5C.*

*Fig. 5D.*      *Fig. 5E.*      *Fig. 5F.*

CPC View EVALUATION - In use for 367 days
To purchase CPC View, visit http://www.cartesianinc.com/Register/

US005166809Case 8:08-cv-00406 C 19 AN Document 2 Filed 05/23/08 Page 19 of 20 Page ID Page 6 (of 6 - 6)
Case 1:07-cv-00601-GMS-LPS    Document 1-2    Filed 10/01/2007    Page 7 of 13
#:61



Fig. 6a.

CPC View EVALUATION - In use for 367 days
To purchase CPC View, visit http://www.cartesianinc.com/Register/

U.S. Patent          Nov. 24, 1992          Sheet 6 of 13          5,166,809



*Fig. 6b.*

CPC View EVALUATION - In use for 367 days
To purchase CPC View, visit http://www.cartesianinc.com/Register/