1  JAN P. WEIR, State Bar No. 106652
   (jweir@sycr.com)
2  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
3  Newport Beach, CA 92660-6422
   Telephone: (949) 725-4000
4  Facsimile: (949) 725-4100

5  EDWARD R. NELSON, III
   (enelson@nbclaw.com)
6  NELSON BUMGARDNER CASTO, P.C.
   5601 Bridge Street, Suite 300
7  Fort Worth, Texas 76112
   Telephone: (817) 377-9111
8  Facsimile: (817) 337-3485

9  DAVID SKEELS
   (skeels@fsclaw.com)
10 FRIEDMAN, SUDER & COOKE
   Tindall Square Warehouse No. 1
11 604 East 4th Street, Suite 200'
   Fort Worth, Texas 76102
12 Telephone: (817) 574-7033
   Facsimile: (817) 334-0401
13

14 Attorneys for Defendants
   SCREENTONE SYSTEMS CORPORATION,
15 ACACIA PATENT ACQUISITION
   CORPORATION, ACACIA RESEARCH
16 CORPORATION, and PAUL S. SNYPP

17                **UNITED STATES DISTRICT COURT**

18                **CENTRAL DISTRICT OF CALIFORNIA**

19                       **SOUTHERN DIVISION**

| | |
|---|---|
| HEIDELBERG U.S.A., INC., a Delaware corporation, | CASE NO. 8:08-cv-00406-CJC (ANx) |
| Plaintiff, | The Honorable Cormac J. Carney |
| vs. | **ANSWER AND AFFIRMATIVE DEFENSES TO HEIDELBERG USA, INC'S COMPLAINT** |
| SCREENTONE SYSTEMS CORP., a Delaware corporation; ACACIA PATENT ACQUISITION CORPORATION; ACACIA RESEARCH CORPORATION, a Delaware corporation; and PAUL S. SNYPP, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287418v2/101022-0006

Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation, and Paul S. Snypp (collectively "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiff Heidelberg USA, Inc.'s Complaint ("Complaint") as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

### NATURE OF THE ACTION

1. Defendants admit that Plaintiff purports to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but deny the merits of such claims. Except as so admitted, the allegations in paragraph 1 are denied.

### THE PARTIES

**A. The Plaintiff**

2. The allegations in paragraph 2 are admitted upon information and belief.

**B. The Defendants**

3. Defendants admit that Screentone Systems Corporation is a Delaware corporation with a principal place of business in Newport Beach, California. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Heidelberg and others as defendants. Defendants admit that the lawsuit alleges that Heidelberg, among others, infringes the '809 patent. Defendants admit that a copy of Screentone Systems Corporation's Texas complaint is attached to Plaintiff's Complaint. Except as so admitted, the allegations in paragraph 3 are denied on the ground that the Texas complaint speaks for itself.

4. The allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 are admitted.

6. Defendants admit that Acacia Patent Acquisition LLC is a wholly owned subsidiary of Acacia Research Corporation. Defendants further admit that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287418v2/101022-0006

Screentone Systems Corporation is a wholly-owned subsidiary of Acacia Patent Acquisition LLC. Except as so admitted, the allegations in paragraph 6 are denied.

7. The allegations in paragraph 7 are admitted.

## JURISDICTION AND VENUE

8. Defendants admit that Plaintiff purports to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but deny the merits of such claims. Except as so admitted, the allegations in paragraph 8 are denied.

9. The allegations in paragraph 9 are admitted.

10. Because of the ambiguity of the allegation, Defendants lack sufficient information to admit or deny the allegations concerning the substance of the alleged letter. The allegations are further denied on the ground that any alleged letter speaks for itself. Except as so stated, the allegations in paragraph 10 are denied.

11. Defendants admit that Screentone Systems Corporation is the assignee and owner of the '809 patent. Except as so admitted, the allegations in paragraph 11 are denied on the ground that the alleged documents speak for themselves.

12. The allegations in paragraph 12 are denied on the ground that the alleged assignment speaks for itself.

13. The allegations in paragraph 13 are denied on the ground that the alleged assignments speak for themselves.

14. The allegations in paragraph 14 are denied ground that the alleged assignments speak for themselves.

15. Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning Heidelberg's infringement of the '809 patent. Except as admitted, the allegations in paragraph 15 are denied.

16. Defendants admit that this Court has subject matter jurisdiction over Plaintiff's alleged claims. Defendants deny, however, that Plaintiff's claims have

any factual or legal basis. Except as so stated, the allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. Defendants admit that venue is proper in this district with respect to Acacia Research and Acacia Patent. Except as so admitted, the allegations of Paragraph 22 are denied.

## FACTS

23. The allegations in paragraph 23 are admitted.

24. The allegations in paragraph 24 are denied on the ground that the '809 patent and the records of the United States Patent and Trademark Office speak for themselves.

25. Defendants admit that Screentone Systems Corporation is the owner of the '809 patent with the right to enforce the '809 patent against infringers and collect damages for all relevant times. Except as so admitted, the allegations in paragraph 25 are denied on the ground that the complaint in the Texas Action speaks for itself.

26. The allegations in paragraph 26 are denied on the ground that the assignment and the records of the United States Patent and Trademark Office speak for themselves.

27. The allegations in paragraph 27 are denied on the ground that the assignment and the records of the United States Patent and Trademark Office speak for themselves.

28. The allegations in paragraph 28 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

29. The allegations in paragraph 29 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

30. The allegations in paragraph 30 are denied.

31. The allegations in paragraph 31 are denied on the ground that the referenced assignment speaks for itself.

32. The allegations in paragraph 32 are denied on the ground that the referenced assignment speaks for itself.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied.

35. The allegations in paragraph 35 are denied on the ground that the relevant assignment documents speak for themselves.

36. The allegations in paragraph 36 are denied.

37. The allegations in paragraph 37 are denied.

38. The allegations in paragraph 38 are denied.

39. The allegations in paragraph 39 are denied.

40. The allegations in paragraph 40 are denied.

41. The allegations in paragraph 41 are denied.

## COUNT 1

**Declaratory Judgment – Noninfringement of the '809 Patent**

42. Defendants reallege and incorporate Paragraphs 1 – 41 above.

43. Defendants admit that Plaintiff seeks a declaration from this Court that it is not liable for infringement of the '809 patent. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations of Paragraph 43 are denied.

44. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Heidelberg and others as defendants. Defendants admit that the lawsuit alleges that Heidelberg, among others, infringes the '809 patent. Except as

1  so admitted, the allegations in paragraph 44 are denied on the ground that the
2  Texas complaint speaks for itself.

3      45.    Defendants admit that Screentone Systems Corporation is the assignee
4  and owner of all right, title and interest in the '809 patent. Except as so admitted,
5  the allegations in paragraph 45 are denied on the ground that the Texas complaint
6  speaks for itself.

7      46.    Defendants admit that Screentone Systems Corporation has alleged
8  that Heidelberg, among others, infringes the '809 patent. Except as so admitted,
9  the allegations in paragraph 46 are denied on the ground that the Texas complaint
10 speaks for itself.

11     47.    Defendants admit that Screentone Systems Corporation has alleged
12 willful infringement against Heidelberg, among others. Except as so admitted, the
13 allegations in paragraph 47 are denied on the ground that the Texas complaint
14 speaks for itself.

15     48.    The allegations in paragraph 48 are denied.

16     49.    Defendants admit that Snypp and Acacia Patent are prior assignees of
17 the '809 patent. Except as so admitted, the allegations in paragraph 49 are denied
18 on the ground that the relevant assignments speak for themselves.

19     50.    Defendants admit that there is an actual controversy between Plaintiff
20 and Defendants concerning Heidelberg's infringement of the '809 patent. Except
21 as admitted, the allegations in paragraph 50 are denied.

22     51.    Defendants admit that Plaintiff seeks a declaration from this Court.
23 Defendants deny, however, that Plaintiff is entitled to such relief. Except as so
24 stated, the allegations in paragraph 51 are denied.

## COUNT 2

### Declaratory Judgment – Invalidity of the '809 Patent

27     52.    Defendants reallege and incorporate Paragraphs 1 – 51 above.

53. Defendants admit that Plaintiff seeks a declaration from this Court that the '809 patent is invalid. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 53 are denied.

54. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Heidelberg and others as defendants. Defendants admit that the lawsuit alleges that Heidelberg, among others, infringes the '809 patent. Except as so admitted, the allegations in paragraph 54 are denied on the ground that the Texas complaint speaks for itself.

55. The allegations in paragraph 55 are denied.

56. Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning whether the claims of the '809 patent are valid. Except as so admitted, the allegations in paragraph 56 are denied.

57. Defendants admit that Plaintiff seeks a declaration from this Court. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 57 are denied.

## COUNT 3

**Declaratory Judgment – Defendants Do Not Hold Valid Title To Or An Interest In The '809 Patent and, Therefore, Have No Standing Or Right to Sue for Infringement of the '809 Patent**

58. Defendants reallege and incorporate Paragraphs 1 – 57 above.

59. Defendants admit that Plaintiff seeks a declaration from this Court that Defendants do not hold valid title or interest in the '809 patent. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 59 are denied.

60. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Heidelberg and others as defendants. Defendants admit that the

1  lawsuit alleges that Heidelberg, among others, infringes the '809 patent. Except as
2  so admitted, the allegations in paragraph 60 are denied on the ground that the
3  Texas complaint speaks for itself.

4  61. Defendants admit that Screentone Systems Corporation is the assignee
5  and owner of all right, title and interest in the '809 patent. Except as so admitted,
6  the allegations in paragraph 61 are denied on the ground that the Texas complaint
7  speaks for itself.

8  62. Defendants admit that the Texas complaint alleges that Heidelberg,
9  among others, infringes the '809 patent. Except as so admitted, the allegations in
10 paragraph 62 are denied on the ground that the Texas complaint speaks for itself.

11 63. Defendants admit that the Texas complaint alleges that Heidelberg's
12 infringement is willful. Except as so admitted, the allegations in paragraph 63 are
13 denied on the ground that the Texas complaint speaks for itself.

14 64. The allegations in paragraph 64 are denied on the ground that the
15 alleged letter speaks for itself.

16 65. Defendants lack sufficient information to admit or deny the
17 allegations in paragraph 65.

18 66. Defendants admit that Snypp was the owner of the '809 patent at the
19 time he assigned it to Acacia Patent. Except as so admitted, the allegations in
20 paragraph 66 are denied on the ground that the relevant assignments speak for
21 themselves.

22 67. The allegations in paragraph 67 are denied on the ground that the
23 records of the United States Patent and Trademark Office speak for themselves.

24 68. Defendants admit that Acacia Patent was the owner of the '809 patent
25 at the time it assigned it to Screentone. Except as so admitted, the allegations in
26 paragraph 68 are denied on the ground that the relevant assignments speak for
27 themselves.

28 69. The allegations in paragraph 69 are denied.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
DOCSOC/1287418v2/101022-0006

70. Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning Heidelberg's infringement of the '809 patent. Except as so admitted, the allegations in paragraph 70 are denied.

71. Defendants admit that Plaintiff seeks a declaration from this Court. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 71 are denied.

## RELIEF REQUESTED

Although no answer is required to Plaintiff's requested relief, Defendants deny all allegations of subparagraphs (A) through (F) and further deny that any relief should be granted to Plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state claims upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

a. That Plaintiff take nothing by its Complaint and that the Complaint be dismissed with prejudice and judgment entered in Defendants' favor;

b. That Defendants be awarded their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

c. That Defendants be awarded costs of suit herein; and

d. That Defendants be awarded such other and further relief as this Court deems just and proper.

DATED: June _11, 2008

NELSON BUMGARDNER CASTO, P.C.
FRIEDMAN SUDER & COOKE
STRADLING YOCCA CARLSON & RAUTH

By: /s/_____
Jan P. Weir, SBN 106652
Attorneys for Defendants
SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP

-9-

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |

Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation, and Paul S. Snypp demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June _11, 2008         NELSON BUMGARDNER CASTO, P.C.
                              FRIEDMAN SUDER & COOKE
                              STRADLING YOCCA CARLSON & RAUTH


                              By:  /s/
                                   Jan P. Weir, SBN 106652
                                   Attorneys for Defendants
                                   SCREENTONE SYSTEMS
                                   CORPORATION, ACACIA PATENT
                                   ACQUISITION CORPORATION,
                                   ACACIA RESEARCH CORPORATION,
                                   and PAUL S. SNYPP

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287418v2/101022-0006

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
COUNTY OF ORANGE        )

    I am employed by Stradling Yocca Carlson & Rauth in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422.

    On **June 11, 2008**, I served the within documents entitled:

**ANSWER AND AFFIRMATIVE DEFENSES TO HEIDELBERG USA INC'S COMPLAINT; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| √ | **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.** |
| | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | by placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at Newport Beach, California addressed as set forth below. |
| | I certify that on _____, I caused the document(s) listed above to be served via electronic mail to the person(s) at the address(es) set forth below. |

SEE ATTACHED LIST

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on **June 11, 2008**, at Newport Beach, California.

_____
Bethany A. Miles

DOCSOC/1287514v1/019999-0000

| | |
|---|---|
| 1 | ***Heidelberg USA Inc. v. .Screentone Systems, et al.*** <br> USDC Case No. 8:08-cv-00406-CJC (AN) |
| 2 | |
| 3 | John G. Day |
| | Steven J. Balick |
| 4 | ASHBY AND GEDDES |
| | 500 Delaware Avenue, 8th Floor |
| 5 | P.O. Box 1150 |
| | Wilmington, DE  19899 |
| 6 | (302) 654-1888 |
| | Email: jday@ashby-geddes.com |
| 7 | Email: sbalick@ashby-geddes.com |
| | Attorneys for Plaintiff **Heidelberg USA Inc.** |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

DOCSOC/1287514v1/019999-0000